Robert Zarco, Esq. (RZ 0104)
Robert F. Salkowski, Esq. (RS 0358)
Mikhael Ann Buchanan, Esq. (MB 1156)
ZARCO EINHORN SALKOWSKI & BRITO, PA
100 S.E. 2nd Street, Suite 2700
Miami, FL 33131

Steven A. Rosen, Esq. (SR 9913)
501 Fifth Avenue, Suite 804
New York, NY 10017
(Local Counsel)

Attorneys for Plaintiff Arcon Solutions, LLC



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARCON SOLUTIONS, LLC,

                Plaintiff,

vs.

EAST 29TH STREET, LLC, and
ESPAIS PROMOCIONS IMMOBILARIES
EPI, S.A.

                Defendants
-------------------------------------------------------x

CASE NO. 08 Civ. 02050 (RMB)

U.S. District Court Judge Richard M. Berman

JURY TRIAL DEMANDED

The Plaintiff, ARCON SOLUTIONS, LLC, by and through undersigned counsel, hereby sues Defendants, EAST 29th STREET, LLC and ESPAIS PROMOCIONS IMMOBILARIES EPI, S.A. as follows:

## JURISDICTION AND VENUE

1. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), in that the parties are citizens of different states, and the matter in controversy exceeds, exclusive of interest, costs and attorneys' fees, the sum or value of Seventy-Five Thousand Dollars ($75,000.00). This Court possesses supplementary jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

2. Plaintiff, ARCON SOLUTIONS, LLC, (hereinafter referred to as "Arcon"), is a limited liability company organized under the laws of the State of Florida and having its principal place of business in the State of Florida. None of the members of Arcon are residents of the State of New York.

3. Defendant, ESPAIS PROMOCIONS IMMOBILARIES EPI, S.A. (hereinafter referred to as "Espais"), is a corporation organized under the laws of Spain and having its principal place of business at Barcelona, Spain.

4. Defendant, EAST 29th STREET, LLC (hereinafter referred to as "East 29th Street") is a limited liability company organized under the laws of the State of New York and having its principal place of business in the State of New York. Based upon reason and belief, no Florida resident is a principal member of the East 29th Street limited liability corporation.

5. This Court has personal jurisdiction over the parties by virtue of the following:

(i) Arcon and East 29th Street entered into a Development Management Agreement to construct a building upon land owned by Espais Promociones Immobilaries EPI, S.A. located at 39 East 29th Street, New York City, New York;

(ii) Arcon and Espais voluntarily entered into a Development Management Agreement and related agreements, which were subsequently assigned to East 29th Street, that envisioned continuing and wide-reaching contacts with New York;

(iii) Arcon and East 29th Street have purposefully availed themselves of the benefits and protections of New York law by entering into the subject Development Management Agreement to construct a building upon land owned by Espais located at 39 East 29th Street, New York City, New York.

(iv) Espais routinely has employees doing work and transacting business in New York State; and

(v) Pursuant to N.Y. C.P.L.R. § 302(a)(3), Espais has committed a tortious act injuring a person within New York, regularly does business in New York, and derives substantial revenue from interstate commerce such that it

expects or reasonably should expect the tortious act to have consequences in the state.

6. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

7. ESPAIS PROMOCIONS IMMOBILARIES EPI, S.A. (hereinafter referred to as "Espais") is a real estate development company and owner of the parcel of land located at 39 East 29th Street, New York City, New York. On or around August 1, 2006, Espais entered into a Development Management Agreement (the "Development Management Agreement") with Arcon wherein Espais retained Arcon to coordinate the acquisition, development, and construction of the Building, and thereafter, to perform services in the marketing and sale of the completed residential units (the "Development Project").

8. On or around September 29, 2006, East 29th Street assumed all of the obligations under the Development Management Agreement pursuant to a written contract. Espais and East 29th Street share the same principals, and East 29th Street is an "Affiliate" of Espais pursuant to ¶11.9 of the Development Management Agreement.

9. Espais, and then East 29th Street, intended to construct on the land a tower containing, among other items, residential units, a fitness center, on-site parking, and other amenities (the "Building").

10. The Development Management Agreement required Arcon to use its best efforts, skill, judgment and abilities in the discharge of its duties under the Development Management Agreement, pursuant to ¶1.1.

11. Early on in the Development Project, an opportunity to increase the overall number of floors of the Building by four floors presented itself. Analysis of the opportunity

indicated that the addition of four floors would increase the profit margin of the Development Project by millions of dollars, despite the increased costs involved.

12.     Beginning in February 2007, Arcon worked with East 29th Street and Espais' counsel for Espais to acquire the "air rights" necessary to build the additional four floors. The necessary air rights were ultimately acquired by Espais on June 27, 2007 for approximately $2.9 million dollars.

13.     After negotiations to acquire the necessary air rights began, East 29th Street authorized Arcon to incur the additional costs necessary to build the additional floors. Arcon and East 29th Street engaged in a regular dialogue as to the continually evolving estimates regarding the projected costs and ultimate revenues for the expanded scope of the Development Project. All decisions pertaining to the additional four floors had to be made promptly so as to avoid delays and increased costs. Arcon was in almost daily contact with both Espais and East 29th Street, and Espais and East 29th Street were fully informed of progress and activity on the Development Project, and consented, either verbally or in writing, to the actions being undertaken by Arcon. Neither Espais nor East 29th Street ever communicated any misgiving about any aspect of the Development Project to Arcon. Espais and East 29th Street never withheld consent or instructed Arcon to stand down from a particular course of activity during construction.

14.     Over the course of the Development Project, Espais and East 29th Street experienced numerous personnel changes that materially impacted their ability to properly oversee the Development Project. The new personnel at Espais and East 29th Street came into the Development Project well after the complicated maneuvering took place regarding the air rights acquisition and the decision to build the four additional floors. The changeover resulted in

4

poor internal communications between Espais and East 29th Street, particularly vis a vis the status of the Development Project, and the quality of Arcon's performance.

15. As late as the Fall of 2007, Espais' new personnel retained an engineer for the purpose of conducting an audit of Arcon's performance in the execution of its duties under the Development Management Agreement. The audit report reached the following conclusion

> Based upon our review of the documents and per our experience within the NYC area the costs associated with the structural enhancements to the original thirty story building as shown upon the engineer's documents, are reasonable. Also the buyout cost for the structural enlargement was also reasonable considering the lack of competitiveness due to the fact that the contractor was already selected.
>
> These cost increases appear to be reasonable considering the order in which they took place, and the information that was provided to the contractors.

16. From the time the Development Management Agreement was entered into, Arcon fulfilled all of its duties and responsibilities under the Development Management Agreement. Construction of the Building is on its way to a successful completion on time and on budget. Arcon successfully executed all its duties relating to the marketing and sale of the completed residential units.

17. Despite the favorable audit report, and despite Arcon's repeated attempts to sort out and clarify Espais' and East 29th Street's gross misconceptions regarding the Development Project, Espais tortiously caused East 29th Street to breach the Development Management Agreement by, among other things,

    A. On January 17, 2008 East 29th Street terminated Arcon as Development Manager without cause and with no notice, in breach of Paragraph 8.2 of the Development Management Agreement.

B. In addition, East 29th Street has breached the Development Management Agreement by failing to pay sums due to Arcon under the Development Management Agreement, including Arcon's Base Fee (the "Base Fee") and Arcon's Performance Fee (the "Performance Fee").

C. East 29th Street has breached the Development Management Agreement by failing to mediate the disputes outlined herein as agreed to in the Development Management Agreement.

18. All conditions precedent to the commencement of this action have occurred, or have been performed, excused, satisfied or waived.

## COUNT I AGAINST DEFENDANT EAST 29TH STREET – DECLARATORY RELIEF

19. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

20. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

21. Arcon and East 29th Street are involved in a true legal dispute that amounts to an actual controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201, that imminently threatens to ripen into violations of law and/or breaches of duties.

22. Given this dispute, Arcon is in immediate need of a judicial determination of the rights and duties of the parties under the Development Management Agreement.

23. Pursuant to 28 U.S.C. §2201, Arcon requests a judgment against East 29th Street declaring that: (i) the terms of the Development Management agreement are valid and enforceable; (ii) Arcon was in full compliance with the terms of the Development Management Agreement up to and until East 29th Street's unlawful termination of Arcon; (iii) all actions taken by Arcon in the construction of the tower at 39 East 29th Street, New York City, New York were

within the scope of its authority pursuant to the terms of the Development Management Agreement; (iv) East 29th Street owes to Arcon performance under the Development Management Agreement in the form of the Base Fee and Performance Fee earned by Arcon.

## COUNT II AGAINST DEFENDANT EAST 29TH STREET – BREACH OF CONTRACT

24. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

25. East 29th Street has materially breached the terms of the Development Management Agreement. Such breaches include, but are not limited to, the following:

(i) failing to pay to Arcon its Base Fee under the Development Management Agreement;

(ii) failing to pay to Arcon its Performance Fee under the Development Management Agreement;

(iii) failing to mediate as per the terms of the Development Management Agreement; and

(iv) terminating Arcon without notice and without opportunity to cure in violation of the terms of the Development Management Agreement;

26. As a direct, proximate and foreseeable result of East 29th Street's material breaches of the Development Management Agreement, Arcon has suffered substantial damages in excess of $3 million.

## COUNT III AGAINST DEFENDANT EAST 29TH STREET – ANTICIPATORY REPUDIATION

27. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

28. The Development Management Agreement requires East 29th Street to pay a Base Fee to Arcon in the amount of $1,200,000.00. See Development Management Agreement ¶5.1(a).

29. The Development Management Agreement also requires East 29th Street to pay a

Performance Fee to Arcon equal to six and one-half percent (6.5%) of the first $25,500,00.00 of Net Proceeds and then fifteen percent (15%) of all Net Proceeds in excess of $25,500,00.00. See Development Management Agreement ¶5.1(b).

30. Furthermore, as consideration for the extra work necessary to build the four additional floors, Arcon and East 29th Street agreed to increase the Base Fee by an additional $350,000.00.

31. Beginning in August 2007, Espais began communicating to Arcon, through Joan Vidiella (the "Director General Divisio Internacional" of Espais), that East 29th Street had never approved the increased costs for the additional floors, and that Espais and East 29th Street intended to hold Arcon financially responsible for this amount.

32. Espais' agents had the authority to speak for East 29th Street. Mr. Videlia expressed a clear and unequivocal intention by East 29th Street not to perform under the Development Management Agreement. As such, East 29th Street anticipatorily breached the Development Management Agreement by advising Arcon that it intended to withhold payments earned and due to Arcon to offset the costs of the additional floors, resulting in a breach of contract.

33. As a direct, proximate and foreseeable result of East 29th Street anticipatory repudiation and concomitant breach of the Development Management Agreement, Arcon has suffered substantial damages in excess of $3 million.

## COUNT IV AGAINST DEFENDANT EAST 29TH STREET – UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST – BASE FEE

34. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

35. Arcon has fulfilled all of its duties and responsibilities under the Development

Management Agreement. Construction of the Building is on its way to a successful completion on time and on budget. Arcon successfully executed all its duties relating to the marketing and sale of the completed residential units. Arcon's actions have conferred a benefit upon East 29th Street.

36. The Development Management Agreement requires East 29th Street to pay a Base Fee to Arcon in the amount of $1,200,000.00. See Development Management Agreement ¶5.1(a).

37. Furthermore, as consideration for the extra work necessary to build the four additional floors, Arcon and East 29th Street agreed to increase the Base Fee by an additional $350,000.00.

38. East 29th Street has failed to pay Arcon its Base Fee pursuant to the terms of the Development Management Agreement.

39. East 29th Street holds property under such circumstances that in equity and good conscience it ought not to retain it. Thus East 29th Street has been enriched at Arcon's expense, and equity and good conscience militate against permitting East 29th Street to retain what Arcon is seeking to recover. East 29th Street's retention of the money that rightfully should be paid to Arcon under the Development Management Agreement has resulted in an unjust enrichment inuring to the benefit of East 29th Street.

40. Arcon demands an imposition of a constructive trust over the profits of the Development Project contemplated in the Development Management Agreement to account for and protect the remaining balance of the Base Fee still owing to Arcon.

# COUNT V AGAINST DEFENDANT EAST 29TH STREET – UNJUST ENRICHMENT & CONSTRUCTIVE TRUST – PERFORMANCE FEE

41. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

42. Arcon has fulfilled all of its duties and responsibilities under the Development Management Agreement. Construction of the Building is on its way to a successful completion on time and on budget. Arcon successfully executed all its duties relating to the marketing and sale of the completed residential units. Arcon's actions have conferred a benefit upon East 29th Street.

43. The Development Management Agreement requires East 29th Street to pay a Performance Fee to Arcon equal to six and one-half percent (6.5%) of the first $25,500,00.00 of Net Proceeds and then fifteen percent (15%) of all Net Proceeds in excess of $25,500,00.00. See Development Management Agreement ¶5.1(b).

44. East 29th Street anticipatorily breached the Development Management Agreement by advising Arcon that it intended to withhold payment to Arcon to offset the costs of the additional floors, resulting in a breach of contract.

45. The construction of the building contemplated in the Development Management Agreement will soon be completed and the net profits of the Development Project will exceed the Development Project costs by well over $25,500,00.00.

46. East 29th Street holds property under such circumstances that in equity and good conscience it ought not to retain it. Thus East 29th Street has been enriched at Arcon's expense, and equity and good conscience militate against permitting East 29th Street to retain what Arcon is seeking to recover. East 29th Street's retention of the money that rightfully should be paid to

Arcon under the Development Management Agreement has resulted in an unjust enrichment inuring to the benefit of East 29th Street.

47. Arcon demands an imposition of a constructive trust over the profits of the Development Project contemplated in the Development Management Agreement to account for and protect the Performance Fee monies that will be due and owing to Arcon as set forth in Paragraph 5.1(a) of the Development Management Agreement.

### COUNT VI AGAINST DEFENDANTS EAST 29TH STREET – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

48. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

49. The Development Management Agreement between Arcon and East 29th Street gives rise to a mutual implied covenant of good faith and fair dealing between the parties.

50. Under this covenant, each party has an obligation and duty to act fairly toward the other, to do nothing destructive of the other party's right to enjoy the fruits of the contract, and to do everything that the contract presupposes they will do to accomplish its intended purpose. Accordingly, East 29th Street has a duty to act in good faith and to deal fairly with Arcon in carrying out the terms of the agreement between the parties.

51. East 29th Street's breach and anticipatory repudiation of the Development Management Agreement constitutes both an express breach of the Development Management Agreement and a breach of the implied covenant of good faith and fair dealing arising from these terms, as such breaches were done maliciously and capriciously.

52. As a direct, proximate, and foreseeable result of Espais/East 29th Street's breaches of the covenant of good faith and fair dealing, Arcon has suffered substantial damages in excess of $3 million.

## COUNT VII AGAINST DEFENDANT ESPAIS – TORTIOUS INTERFERENCE WITH CONTRACT

53. Plaintiff Arcon incorporates each and every allegation set forth in Paragraphs 1 through 18, *supra*, as if fully set forth herein.

54. Plaintiff Arcon and Defendant East 29th Street were the parties to a valid existing contract, the Development Management Agreement.

55. Defendant Espais was aware and had knowledge of the existence of the Development Management Agreement.

56. Defendant Espais intentionally procured East 29th Street's breach of the Development Management Agreement without justification.

57. East 29th Street has actually breached the Development Management Agreement by anticipatory repudiation, by failing to pay the balance of Arcon's base fee, by failing to pay Arcon's performance fee, by failing to mediate pursuant to the terms of the Development Management Agreement, and by terminating Arcon without notice in violation of the terms of the Development Management Agreement.

58. As a result of East 29th Street's breach, as tortiously procured by the interference of Espais, Arcon has suffered substantial damages in excess of $3 million.

WHEREFORE, Plaintiff Arcon demands judgment:

1) on the first count of its complaint against Defendant East 29th Street for Declaratory Relief:

    (a) that the terms of the Development Management agreement are valid and enforceable;

(b) that Arcon was in full compliance with the terms of the Development Management Agreement up to and until East 29th Street's unlawful termination of Arcon, and that East 29th Street breached the Development Management Agreement by terminating Arcon without notice, failing to pay Arcon its fees, and failing to mediate as prescribed by the Development Management Agreement;

(c) that all actions taken by Arcon in the construction of the tower at 39 East 29th Street, New York City, New York were within the scope of its authority pursuant to the terms of the Development Management Agreement; and

(d) that East 29th Street owes to Arcon performance under the Development Management Agreement in the form of the Base Fee and Performance Fee earned by Arcon; and

(e) that Arcon is entitled to actual, compensatory, and consequential damages in an amount in excess of $3 million, to be determined at trial, including lost profits, costs, prejudgment interest, attorney's fees and such other relief as this Court deems proper;

2) on the second count of its complaint against Defendant East 29th Street for Breach of Contract for actual, compensatory, and consequential damages in an amount in excess of $3 million, to be determined at trial, including lost profits, costs, prejudgment interest, attorney's fees and such other relief as this Court deems proper;

3) on the third count of its complaint against Defendant East 29th Street for Anticipatory Repudiation for actual, compensatory, and consequential damages in an amount in excess of $3 million, to be determined at trial, including lost profits, costs, prejudgment interest, attorney's fees and such other relief as this Court deems proper;

4) on the fourth count of its complaint against Defendant East 29th Street for Unjust Enrichment and Constructive Trust as to the Base Fee for a constructive trust over the profits of the Development Project contemplated in the Development Management Agreement to account for and protect the remaining balance of the Base Fee still owing to Arcon, and for lost profits, costs, prejudgment interest, attorney's fees, and such other relief as this Court deems proper;

5) on the fifth count of its complaint against Defendant East 29th Street for Unjust Enrichment and Constructive Trust as to the Performance Fee for a constructive trust over the profits of the Development Project contemplated in the Development Management Agreement to account for and protect the remaining balance of the Performance Fee still owing to Arcon, and for lost profits, costs, prejudgment interest, attorney's fees, and such other relief as this Court deems proper;

6) on the sixth count of its complaint against Defendant East 29th Street for Breach of the Implied Covenant of Good Faith & Fair Dealing for actual, compensatory, and consequential damages in an amount in excess of $3 million, to be determined at trial, including lost profits, costs, prejudgment interest, attorney's fees and such other relief as this Court deems proper;

7) on the seventh count of its complaint against Defendant Espais for Tortious Interference with Contract for actual, compensatory, and consequential damages in an amount in excess of $3 million, to be determined at trial, including lost profits, costs, prejudgment interest,

attorney's fees and such other relief as this Court deems proper.

              Respectfully submitted,

              Zarco Einhorn Salkowski & Brito, P.A.
              Robert Zarco, Esq. (RZ 0104)
              Robert F. Salkowski, Esq. (RS 0358)
              Mikhael Buchanan, Esq. (MB 1156)
              Counsel for Plaintiff
              100 S.E. 2nd Street, Suite 2700
              Miami, Florida, 33131
              Telephone: (305) 374-5418
              Facsimile: (305) 374-5428

              */s/ Steven A. Rosen*
              Steven A. Rosen (SR 9913)
              Local Counsel for Plaintiff
              501 Fifth Avenue, Suite 804
              New York, New York 10017
              Telephone: (212) 599-3970
              Facsimile: (212) 599-3969