# ZARCO EINHORN SALKOWSKI & BRITO
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

MELISSA L. BERNHEIM
MIKHAEL ANN BUCHANAN
ALEJANDRO BRITO
ROBERT M. EINHORN
KAARI-LYNN S. GAGNON
HIMANSHU M. PATEL
K. BRIAN ROLLER**
ROBERT F. SALKOWSKI*
MARLON J. WEISS
ROBERT ZARCO

*ALSO ADMITTED TO PRACTICE IN NJ
**ALSO ADMITTED TO PRACTICE IN NY

BANK OF AMERICA TOWER
100 SOUTHEAST 2ND STREET
SUITE 2700
MIAMI, FLORIDA 33131

MIAMI
TELEPHONE (305) 374-5418
TELEFAX (305) 374-5428

WEST PALM BEACH
TELEPHONE (561) 721-2861
INTERNET www.zarcolaw.com

**MEMO ENDORSED**

May 22, 2008

*[Handwritten memo endorsement:]* Ref. to submit 2-3 pp response by 6/2/08.

SO ORDERED: 5/27/08
Richard M. Berman, U.S.D.J.

**BY OVERNIGHT MAIL
AND REGULAR U.S. MAIL**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Arcon Solutions, LLC v. East 29th Street LLC*
      Case No. 08-CV 2050 (RMB)

Dear Judge Berman:

This office is counsel to Plaintiff/Counter-defendant Arcon Solutions, LLC ("Arcon"). and additional counter-defendants Michael Falke and Mark Gemignani. Pursuant to your Individual Practices, our clients wish to request a pre-motion conference to address Mr. Falke's and Mr. Gemignani's Motion to Dismiss Counterclaims pursuant to Fed. R. Civ. P. 12(b)(2). The grounds for this anticipated motion are set forth below.

Mr. Falke and Mr. Gemignani are principals of Plaintiff/Counter-defendant Arcon. a Florida corporation. Both Mr. Falke and Mr. Gemignani are residents and domiciliaries of Florida. In their individual capacities, neither Mr. Falke nor Mr. Gemignani has sufficient minimum contacts with the State of New York such that Defendants/Counter-claimants can

5/27/2008

establish personal jurisdiction over them. For this reason, the counterclaims as against Mr. Falke and Mr. Gemignani must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Apparently conceding that Messrs. Falke and Gemignani have no direct personal contacts with the state of New York, Defendants/Counter-claimants assert an alter ego cause of action against Messrs. Falke and Gemignani. Defendants/Counter-claimants allege that the court should pierce the corporate veil of Arcon, and hold Messrs. Falke and Gemignani personally liable for the alleged acts of the corporate entity. However, Defendants/Counterclaimants have the burden of establishing that this Court has personal jurisdiction over Messrs. Falke and Gemignani, *Time Inc. v. Simpson*, 2003 U.S. Dist. LEXIS 23061 (S.D.N.Y. 2003), and they will not be able to meet this burden upon Messrs. Falke's and Gemignani's 12(b)(2) motion to dismiss.

New York choice-of-law principles dictate that the law of the state of incorporation determines whether to pierce the corporate veil. *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). Given that Arcon is incorporated in Florida, this Court will be obliged to apply the law of Florida in deciding Messrs. Falke's and Gemignani's motion to dismiss for lack of personal jurisdiction. "[T]he Florida Supreme Court has imposed a strict standard upon those wishing to pierce a corporate veil." *Seminole Boatyard v. Christoph*, 715 So. 2d 987, 990 (Fla. Dist. Ct. App. 4th Dist. 1998). Messrs. Falke and Gemignani will demonstrate in their motion to dismiss that Defendants/Counterclaimants cannot possibly meet Florida's requirements for piercing the corporate veil.[1] Because Defendants/Counterclaimants' alter ego cause of action fails, it will thus be undisputed that this Court lacks personal jurisdiction over Messrs. Falke and Gemignani.

---

[1] "A district court has broad discretion in deciding a motion under *Rule 12(b)(2)*, including the discretion to conduct an evidentiary hearing if the Court believes one is warranted." *Impulse Marketing Group, Inc. v. Nat'l Small Business Alliance, Inc.*, 2007 U.S. Dist. LEXIS 42725, *14 (S.D.N.Y. 2007) (citations omitted).

Honorable Richard M. Berman
May 22, 2008
Page 3

Based upon the foregoing, Messrs. Falke and Gemignani respectfully request that the Court hold a pre-motion conference to address their Motion to Dismiss Counterclaims pursuant to Fed. R. Civ. P. 12(b)(2).

Should you have any questions regarding the above, please do not hesitate to contact me.

Respectfully submitted,

ROBERT F. SALKOWSKI

cc: R. Zarco, Esq.
    M. Buchanan, Esq.
    S. Rosen, Esq.