

# PRYOR CASHMAN LLP

410 Park Avenue, New York, NY 10022   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

New York | Los Angeles

Todd E. Soloway
Partner

Direct Tel: 212-326-0252
Direct Fax: 212-798-6328
tsoloway@pryorcashman.com

June 2, 2008

**BY HAND**

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl St., Room 650
New York, NY 10007

Re:   <u>Arcon Solutions, LLC v. East 29th St. LLC, et al. Case No. 08-CV-2050 (RMB)</u>

[Handwritten note: Conference on 6/11/08 @ 10:10 (Work on settlement before the conference)]

SO ORDERED:
Date: 6/3/08
Richard M. Berman, U.S.D.J.

Dear Judge Berman:

This firm represents defendants/counterclaimants East 29th St. LLC ("East 29th St.") and Espais Promocions Immobiliaries EPI, S.A. ("Espais", and collectively with East 29th St., "Counterclaimants"). We write in response to counterdefendants Michael Falke's ("Falke") and Mark Gemignani's ("Gemignani") request for a pre-motion conference to address their proposed motion to dismiss counterclaims asserted against them on the purported basis that this Court lacks personal jurisdiction over such individuals. Apparently, Falke and Gemignani contend that they lack sufficient contacts with the State of New York and that Counterclaimants cannot meet the requisite elements to pierce Arcon Solutions, Inc.'s ("Arcon") corporate veil in order to confer jurisdiction. For the reasons set forth below, Falke's and Gemignani's request is without merit and should be denied in its entirety.

In this action, East 29th St. desired to construct a first-class residential condominium building in New York City (the "Building"). In reliance on Falke and Gemignani's self-represented experience as development managers, Espais and Arcon entered into a development management agreement pursuant to which Espais entrusted them to personally coordinate the acquisition, development and construction of

Honorable Richard M. Berman
June 2, 2008
Page 2

the Building, while Espais monitored remotely from Spain. The development management agreement specifies that New York shall be both the governing law and the place of venue for any disputes arising thereunder. See Development Management Agreement, ¶ 11.8. Evidencing the good faith that East 29th St. placed in Falke and Gemignani, East 29th St. opened a business checking account and provided Falke with authority to make pre-approved withdrawals from the account in connection with the project. However, Falke and Gemignani defied East 29th St.'s and Espais' trust by materially breaching its obligations under the development management agreement and <u>utilizing the East 29th St. account as their own "personal piggybank," repeatedly defalcating funds for their own personal use</u>.

The exercise of personal jurisdiction by a federal court in a diversity case is determined by the law of the forum state. Marine Midland Bank, 664 F.2d 899, 901 (2nd Cir. 1981). New York's long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state...." CPLR § 302(a)(1). New York's long-arm statute is a "single act statute" and proof of merely <u>one</u> transaction in New York is sufficient to confer jurisdiction even when the defendant has never entered New York. Alpha Int'l. v. T-Reproductions, No. 02 Civ. 9586 SAS, 2003 WL 21511957, at *2 (S.D.N.Y. 2003). Furthermore, it is well-settled that jurisdiction extends to the employees of a corporation who had knowledge of, and extensive control over, the New York transaction that is the source of the litigation." Id. at 3.

Courts also have the ability to pierce the corporate veil in order to assert jurisdiction when the "activities of the [owner] show a disregard for the separate corporate existence of the [corporation]."[1] Volkswagenserk v. Beech Aircraft, 751 F.2d 117, 120 (2d Cir. 1984). However, the standard for piercing the corporate veil for purposes of obtaining jurisdiction is far less stringent than the standard for piercing

---

[1] It is well established that if personal jurisdiction exists over the controlling entity, then it also exists over its corporate alter egos. Miramax, 2003 WL at *7; Marine Midland, 664 F.2d at 903. Tellingly, it should be noted that counterdefendants do not contend that this Court cannot exercise personal jurisdiction over Arcon.

Honorable Richard M. Berman
June 2, 2008
Page 3

the corporate veil for liability purposes.[2] <u>Miramax Film v. Abraham</u>, No. 01 CV 5203 (GBD), 2003 WL 22832384 at *7 (S.D.N.Y. 2003). If a corporation is merely a shell, the corporate veil may be pierced to impute jurisdiction even without a showing that the shell was used to perpetuate a fraud. <u>Id.</u>

Here, this Court has personal jurisdiction over these individuals because they transacted business in New York that is the actual source of this litigation under § 302(a)(1). Falke and Gemignani knew of and exerted substantial control over the New York transaction that is the subject of this action. As discussed above, Arcon entered into a development management agreement with Espais, under which Falke and Gemignani, the sole principals of Arcon, personally coordinated the acquisition, development and construction of a New York City building. As a result of the foregoing, New York's long-arm statute undoubtedly confers this Court with personal jurisdiction over Falke and Gemignani.

This Court also has personal jurisdiction over Falke and Gemignani under § 302(a)(1) by piercing Arcon's corporate veil. Counterclaimants have made a prima facie showing that Arcon is merely a "shell" that Falke and Gemignani utilized to perpetuate numerous unlawful acts, including, without limitation, defalcating and commingling East 29th St.'s funds for their own personal benefit. It is without question that Counterclaimants have pled the requisite elements for piercing the corporate veil for jurisdictional purposes. <u>See</u> Answer and Counterclaims, dated April 23, 2008, ¶ 93. Thus, Counterclaimants have plead sufficient facts demonstrating that Arcon is indeed the alter ego of Falke and Gemignani in order to confer this Court with personal jurisdiction.

Respectfully submitted,

*Todd Soloway* /JTS

Todd E. Soloway

---

[2] Counterdefendants contend that this Court is obligated to employ a strict standard under Florida law in order to ascertain whether Counterclaimants' can pierce the corporate veil. However, the lone case cited by Counterdefendants in support of this contention is clearly distinguishable. In <u>Seminole Boatyard v. Christoph</u>, 715 So. 2d 987, 990 (Fla. Dist. Ct. App. 4th Dist. 1998), the court did not even address the issue of whether the corporate veil could be pierced for purposes of obtaining jurisdiction. Instead, the court simply analyzed whether the plaintiff had standing to assert an alter ego claim in the context of a summary judgment motion. <u>Id.</u>