Robert Zarco, Esq. (RZ 0104)
Robert F. Salkowski, Esq. (RS 0358)
Mikhael Buchanan, Esq. (MB 1156)
Zarco, Einhorn, Salkowski & Brito, P.A.
Bank of America Tower
100 Southeast 2nd Street, Suite 2700
Miami, FL 33131
Phone: (305) 374-5418
Fax: (305) 374-5428

Steven A. Rosen, Esq.
Local Counsel for Plaintiff
501 Fifth Avenue, Suite 804
New York, New York, 10017
Phone: (212) 599-3970
Fax: (212) 599-3969

Attorneys for Plaintiff/Counter-Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCON SOLUTIONS, LLC,

    Plaintiff, Counter-Defendant

    -against-

EAST 29th STREET, LLC, and
ESPAIS PROMOCIONS IMMOBILARIES EPI, S.A.,

    Defendants, Counter-claimants,

    -against-

MICHAEL FALKE and MARK GEMIGNANI,

    Additional Counter-Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF COUNTER-DEFENDANTS FALKE AND GEMIGNANI'S MOTION TO DISMISS COUNTERCLAIMS**

08 CV 02050 (RMB)

## TABLE OF CONTENTS

**Page**

I.    Preliminary Statement……………………………………………………….……….1

II.    Argument……………………………………………………………………………….2

    A.    Standard of Review……………………………………………………………..2

    B.    DEFENDANTS' COUNTERCLAIMS FAIL TO ESTABLISH LONG-ARM PERSONAL JURISDICTION OVER FALKE AND GEMIGNANI, AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2)……………………3

        1.    Specific (Long Arm) Jurisdiction………………………………………….4

        2.    No Personal Jurisdiction under CPLR § 302(a)(1)……………………….5

            a.    New York Law Dictates that The Court Must Apply the Law of the State of Florida in any Alter Ego Analysis; Defendants Fail to Allege a Proper Cause of Action For Alter Ego Under Florida Law………….6

        3.    No Personal Jurisdiction under CPLR § 302(a)(2) or CPLR § 302(a)(4)..10

        4.    No Personal Jurisdiction under CPLR § 302(a)(3)………………………11

III.    Conclusion…………………………………………………………………………….13

Counter-Defendants, MICHAEL FALKE. ("Falke") and MARK GEMIGNANI ("Gemignani"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), hereby submit their Memorandum of Law in support of their Motion to Dismiss Counterclaims, and in support thereof, state as follows:

## I.   PRELIMINARY STATEMENT

This action arises out of the failed business relationship entered into between Plaintiff Arcon Solutions, LLC ("Arcon") and Defendants, East 29th Street, LLC ("East 29th") and Espais Promocions Immobillaries EPI, S.A. ("Espais") (hereinafter collectively referred to as "Defendants" or "Counter-claimants"). Arcon entered into a Development Management Agreement with the Defendants wherein Defendants retained Arcon to coordinate the acquisition, development, and construction of a luxury residential tower in Manhattan. Notwithstanding Arcon's excellent performance in accomplishing this endeavor, Defendants unlawfully terminated the contract with Arcon, resulting in the current litigation instituted by Arcon.

On April 23, 2008, Defendants filed their Answer and Affirmative Defenses to Arcon's Complaint. Defendants also asserted five counterclaims against Arcon, as well as against Arcon's principals, Michael Falke and Mark Gemignani. Falke and Gemignani (hereinafter collectively referred to as "Counter-Defendants") were not parties to the original action, and are not parties to the Development Management Agreement sued upon therein. The Counterclaims asserted were as follows: (1) Breach of Contract Against All Counterclaim Defendants; (2) Breach of Fiduciary Duty Against All Counterclaim Defendants; (3) Conversion Against All Counterclaim Defendants; (4) Alter Ego Against All Counterclaim Defendants; (5) Attorney's Fees/Costs of Suit Against All Counterclaim Defendants. On May 30, 2008, Arcon filed its

1

Answer and Affirmative Defenses to the Counterclaims. Counter-Defendants Falke and Gemignani, however, maintain that the counterclaims against them in their personal capacities must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, as well as under Rule 12(b)(6) for failure to state a cause of action.

## II.      ARGUMENT

### A.      STANDARD OF REVIEW

On a Fed. R. Civ. P. Rule 12(b)(2) motion to dismiss, "the plaintiff bears the burden of showing that the court has jurisdiction over the foreign defendant." *Impulse Mkt'g Group, Inc. v. Nat'l Small Business Alliance, Inc.*, 2007 U.S. Dist. Lexis 42725 (S.D.N.Y. 2007), *citing In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Furthermore, Defendants/Counter-claim Plaintiffs are required to separately establish this Court's personal jurisdiction over Falke and Gemignani for each and every counterclaim alleged. *Impulse Mkt'g*, 2007 U.S. Dist. Lexis 42725 at *21. In deciding the issue of personal jurisdiction pursuant to a Rule 12(b)(2) motion, the Court has wide discretion, and may rely on papers outside of the pleadings or conduct an evidentiary hearing, if deemed necessary. *Cutco Industries, Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. N.Y. 1986); *accord. Impulse Mkt'g Group*, 2007 U.S. Dist. Lexis 42725 at *14.

When considering a Rule 12(b)(6) motion to dismiss, the court considers the legal sufficiency of the complaint, and thus it is not necessary to examine the evidence at issue. *See Gottesman v. United States,* 2007 U.S. Dist. LEXIS 15043, *10 (S.D.N.Y. 2007). The Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) raised the previously applicable standard for assessing the sufficiency of complaints in civil cases. In *Bell Atlantic*, the Supreme Court stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion

2

to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65.

Courts generally do not consider matters outside the pleadings for a 12(b)(6) motion to dismiss, but they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2nd Cir. 2002). When deciding a motion to dismiss, courts should accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. However, in order to state a claim, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. "Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id*. at 1974.

      **B.**    **DEFENDANTS' COUNTERCLAIMS FAIL TO ESTABLISH LONG-ARM PERSONAL JURISDICTION OVER FALKE AND GEMIGNANI, AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(2).**

A New York district court sitting in diversity jurisdiction may exercise personal jurisdiction to the same extent as the court of general jurisdiction of the state of New York. *Fed. R. Civ. P.* 4(k)(1)(A). The resolution of a 12(b)(2) motion to dismiss for lack of personal jurisdiction in New York federal court requires a two-step analysis: first, "the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant[.]" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. N.Y. 2002). Next, "the court must then determine whether New York's extension of

jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment."[1] *Id*.

New York law recognizes two types of personal jurisdiction: general and specific. *Nautilus Ins. Co. v. Adventure Outdoors, Inc.*, 247 F.R.D. 356, 359 (E.D.N.Y. 2007); *see CPLR* §§301-302. For general jurisdiction, the plaintiff's cause of action need not arise out of a defendant's contacts with the forum state – however, the defendant's contacts with the state must be "continuous and systematic." *Id.; see CPLR* 301. To obtain specific jurisdiction, the plaintiff's cause of action must arise out of defendant's contacts with the state which, although not substantial, satisfy New York's long arm statute. *Id.; see CPLR* 302.

**Specific (Long Arm) Jurisdiction**

CPLR § 302 sets forward several sets of circumstances under which New York courts can exercise specific personal jurisdiction over non-domiciliaries through its long-arm statute. *CPLR* § 302. The relevant portion of CPLR § 302 states as follows:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except

---

[1] As explained in more detail *infra*, Defendants cannot obtain personal jurisdiction over Falke and Gemignani under New York law, rendering the Due Process question moot. However, Falke and Gemignani maintain that any such attempt to exercise personal jurisdiction over them would indeed violate the Due Process Clause of the Fourteenth Amendment.

4

> as to a cause of action for defamation of character arising from the act, if he
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

None of the provisions of § 302 apply to Falke or Gemignani. Accordingly, the Court is foreclosed from exercising personal jurisdiction over Falke and Gemignani, and the Defendants' Counterclaims against them must be dismissed.

**No Personal Jurisdiction under CPLR § 302(a)(1)**

Defendants' Counterclaim fails to make any averment regarding this Court's authority to exercise personal jurisdiction over Falke and Gemignani. *See* Defendants' Counterclaims and Affirmative Defenses (hereinafter, "Counterclaim), ¶¶4-8. Once put on notice that Mr. Falke and Mr. Gemignani intended to file the instant motion to dismiss for lack of personal jurisdiction, Defendants indicated in correspondence to the Court that they believe long-arm jurisdiction over Falke and Gemignani is appropriate under CPLR § 302(a)(1). Apparently conceding that Falke and Gemignani have no direct personal contacts with the state of New York, Defendants appear to rely on an "alter ego" theory to argue that § 302(a)(1) extends personal jurisdiction over Falke and Gemignani. To the extent that Defendants rely on an "alter ego" theory to obtain personal jurisdiction under § 302(a)(1) (or any other section of New York's long arm statute), this theory must fail as Defendants' counterclaim for alter ego is plainly deficient and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

5

An alter ego cause of action alleges that a corporation's identity should be disregarded, and its control person held liable for the corporation's actions (also known as "piercing the corporate veil"). *Network Enterprises, Inc. v. APBA Offshore Productions, Inc.*, 2002 U.S. Dist. LEXIS 17256, *5 (S.D.N.Y. 2002). In a case like this, where Defendants cannot otherwise establish long-arm personal jurisdiction over the principals of a corporation, "[i]f alter ego status is found, the [principals are] amenable to personal jurisdiction by imputation of the corporation's contacts with the forum." *Id*. at *5. Thus, "the existence of a viable alter ego claim necessarily determines a jurisdictional basis for suit[.]" *Id*. at *6-7.

**New York Law Dictates that The Court Must Apply the Law of the State of Florida in any Alter Ego Analysis; Defendants Fail to Allege a Proper Cause of Action For Alter Ego Under Florida Law**

New York choice-of-law principles dictate that the law of the state of incorporation determines whether to pierce the corporate veil. *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995); *Impulse Mkt'g Group, Inc. v. Nat'l Small Business Alliance, Inc.*, 2007 U.S. Dist. Lexis 42725 (S.D.N.Y. 2007); *Time, Inc. v. Simpson*, 2003 U.S. Dist. LEXIS 23061 (S.D.N.Y. 2003). Given that Arcon is a limited liability company formed in Florida, the Court is bound to apply Florida state law as it pertains to piercing the corporate veil and assessing a cause of action for alter ego. *Id*.

In order for Defendants' counterclaim for alter ego to survive a Rule 12(b)(6) motion to dismiss, the Defendants must allege not only that Arcon is a "mere instrumentality" of Falke and Gemignani, but also that that Falke, Gemignani, and Arcon engaged in "improper conduct such as fraud … in the formation or use of the corporation." *Aldea Communications, Inc. v. Gardner*, 725 So.2d 456, 457 (Fla. 2d DCA 1999)(granting defendants' motion to dismiss alter ego count for failure to plead sufficient facts to pierce the corporate veil). Furthermore, Defendants must

6

set forward specific facts to support their allegations, and not just "a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  The allegations in Defendants' pleading fall woefully short of alleging facts sufficient to state a viable cause of action for alter ego.

Defendants allege that Arcon was "a corporate instrumentality" and that "the corporate form, entity and structure of Arcon was [sic] at all times disregarded by the Individual Counterclaim Defendants."  Counterclaim ¶93. Yet, Defendants fail to follow up these statements with any facts tending to support the "mere instrumentality" prong of an alter ego cause of action.  Instead, Defendants tick off a laundry list of allegations that are not only general and conclusory, but are also irrelevant to stating a cause of action for alter ego.  For example, Defendants state that "Arcon is completely influenced and governed by the Individual Counterclaim Defendants;" and "The Individual Counterclaim Defendants completely control Arcon." Counterclaim ¶93.  However, Florida law holds that the mere fact that one or two individuals own and control a corporation "does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally." *Dania Jai-Alai Palace Inc. v. Sykes*, 450 So.2d 1114, 1120 (Fla. 1984). Thus, these types of allegations are absolutely immaterial, and cannot be used to support an allegation that a corporation is a "mere shell."

Defendants' only non-general factual allegations concern allegedly unauthorized withdrawals made by Michael Falke from the East 29th checking account. Counterclaim ¶93. It is not clear how Defendants surmise that Falke making allegedly unauthorized transfers from the East 29th account into his personal checking account, translates into "improper conduct…in the

7

formation or use of the corporation" as required to state an alter ego cause of action under Florida law. *Aldea Communications,* 725 So.2d at 457. Contrary to Defendant's allegations that "the corporate form, entity and structure of Arcon was [sic] at all times disregarded," the only facts alleged by Defendants actually establish that the corporate form of Arcon was not at all implicated in the allegedly unauthorized transactions. The allegedly unauthorized transfers were to Falke's personal account, not Arcon's corporate account. Thus, Defendants have failed to allege any facts tending to show that Arcon's funds were improperly commingled, or that the formalities of Arcon's corporate existence were not at all times strictly maintained. With no facts to support their conclusory allegations that Arcon is a "mere shell," Defendants fail to state one of the required elements for a proper alter ego cause of action.

Furthermore, even if Defendants were able to allege facts tending to show that Arcon was a mere shell, instead of the active, actual limited liability company with ongoing legitimate business dealings that it is (*see* Falke and Gemignani Declarations), Defendants still fail to state a cause of action for alter ego/piercing the corporate veil under Florida law. To state an alter ego cause of action under Florida law both elements of (1) mere instrumentality, and (2) improper conduct must be shown. *Aldea Communications,* 725 So.2d at 457 "*[E]ven if* a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained." (emphasis added) *Lipsig v. Ramlawi*, 760 So.2d 170, 187 (Fla. 3d DCA 2000). The factual allegations of Defendants' own pleading establish that Arcon's corporate form was never compromised. Defendants' only factual allegation is that Falke allegedly made unauthorized transfers in his individual capacity to his personal account. This fails to show that Arcon itself was ever

8

organized or employed for an unlawful or improper purpose. Without this essential element, "the corporate veil will not be penetrated." *Dania Jai-Alai*, 450 So.2d at 1120.

Because Defendants have failed to allege sufficient facts to meet the Florida standard for stating an alter ego cause of action, the counterclaim for alter ego against Falke and Gemignani must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and long-arm jurisdiction over Falke and Gemignani cannot be obtained on this basis..

To the extent that Defendants recede from their alter ego theory and try to allege that Falke and Gemignani are subject to Section 302(a)(1) jurisdiction in their *individual, personal* capacities, this theory also fails. Section 302(a)(1) allows a court to exercise long-arm jurisdiction over "any non-domiciliary…who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state," when the cause of action arises out of the business transaction. Defendants are eager to point out that merely one business transaction in the state of New York is sufficient to confer jurisdiction upon a party under § 302(a)(1). *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, 2003 U.S. Dist. LEXIS 11224 (S.D.N.Y. 2003). Defendants, however, cannot meet even this minimum requirement, as Defendants have failed to allege any facts showing a single New York business transaction by either Falke or Gemignani in their individual capacities.

It appears that the basis for Defendants' "New York business transaction" argument is that Michael Falke made allegedly unauthorized transfers from an East 29th checking account. However, this account is located in Miami, Florida, and all contacts with the bank were from the Miami office. *See* Counterclaim ¶56; *see also East 29th Street LLC v. Wachovia Bank, N.A.*, U.S.D.C. N.Y. Case No. 08 CV 02081.[2] The fact that activity that occurred in Florida cannot

---

[2] In *East 29th Street LLC v. Wachovia Bank, N.A.*, U.S.D.C. N.Y. Case No. 08 CV 02081, East 29th filed a diversity action against Wachovia Bank in March 2008 regarding the transaction and bank account in question here. In

9

constitute "transacting business" in New York should go without saying. Defendants' reliance on this activity, however, compels the pointing out of the obvious[3].

Other than these allegations regarding the allegedly unauthorized transfers from a checking account opened and maintained in Florida, Defendants do not provide a single specific factual allegation in their Counterclaim that would support an argument that Falke and Gemignani "transacted business" in New York in their personal capacities. Thus, Defendants fail to set forward any credible basis to support this Court's exercise of personal jurisdiction over Falke and Gemignani under CPLR § 302(a)(1), and Defendants' Counterclaims against Falke and Gemignani must be dismissed. *In re Bayou Hedge Fund Inv. Litig.*, 472 F. Supp. 2d 534, 538 (S.D.N.Y. 2007) ("Vague and conclusory allegations in a pleading are insufficient to establish personal jurisdiction."). If Defendants have a colorable cause of action against Falke and Gemignani based on their activities relating to this bank account located in Florida, then Defendants must bring such an action in the State of Florida in order to obtain personal jurisdiction.

**No Personal Jurisdiction under CPLR § 302(a)(2) or CPLR § 302(a)(4)**

It is likely, in light of the failure of their argument that personal jurisdiction over Falke and Gemignani is proper under § 302(a)(1), that Defendants will subsequently argue an alternative statutory basis to support this Court's exercise of personal jurisdiction over them. Any such attempt will likewise fail, as it is clear that Falke and Gemignani do not fall within the purview of any of the other provisions of New York's long-arm statute.

---

addition to confirming the allegations as to the location of the checking account, East 29th sought to assert *Florida state causes of action* against Wachovia. Specifically, East 29th alleged a cause of action for violation of Florida Statute § 670.204, which regulates bank refunds of certain payments under another Florida statute, Fla. Stat. 670.202 (the details of which are not relevant here).

[3] Defendants also fail to provide any explanation as to how this alleged activity in Florida by Falke in any way confers personal jurisdiction in New York federal court upon Mark Gemignani in his individual capacity.

Defendants have not alleged that Falke or Gemignani in their individual capacities committed a tortious act within the state of New York. Therefore, CPLR § 302(a)(2) is plainly inapplicable here. The same can be said for CPLR § 302(a)(4), as neither Falke nor Gemignani owns, uses or possesses any real property in the state of New York. *See* Falke Declaration and Gemignani Declaration.

**No Personal Jurisdiction under CPLR § 302(a)(3)**

This Court also has no authority under CPLR § 302(a)(3) to exercise personal jurisdiction over Michael Falke.[4] Section 302(a)(3) provides that a New York court may exercise personal jurisdiction over a non-domiciliary who:

> commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> i. regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> ii. expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

*CPLR* § 302(a)(3).

Defendants will undoubtedly aver that personal jurisdiction exists over Michael Falke under § 302(a)(3) because Falke committed a "tortious act without the state causing injury to person or property within the state," *i.e.*, that Falke's allegedly unauthorized transfers of funds from the East 29th checking account in Florida caused tortious harm within the state of New York by virtue of the fact that East 29th is a New York corporation. This argument is without merit. Assuming, *arguendo*, that Falke did commit a tortious act in Florida that caused injury to

---

[4] Defendants have not alleged any facts that could conceivably place Mark Gemignani within the purview of CPLR § 302(a)(3).

11

person or property within the state of New York (which he did not), Defendants still are not able to meet the remaining requirements of § 302(a)(3). Specifically, Defendants are unable to show that Falke, in his personal capacity, "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [New York]." Likewise, Defendants cannot show that Falke "expect[ed] or should [have] reasonably expect[ed] the act to have consequences in [New York] and derives substantial revenue from interstate or international commerce." However, Falke's Declaration makes it clear he does not regularly conduct business in an individual capacity in the state of New York. *See* Falke Declaration. On the contrary, the Declaration establishes that Falke is a resident of Florida who does not conduct substantial, sustained business in his personal capacity in any state outside of Florida. It is simply not possible for Defendants to establish that Falke "regularly does business in New York" or "derives substantial revenue from goods used or consumed or services rendered" in New York, as required by CPLR § 302(a)(3)(ii).

Finally, Defendants cannot rely on CPLR § 302(a)(3)(ii) as grounds for personal jurisdiction over Falke and Gemignani. Even presuming that Falke or Gemignani committed a tortious act without the state of New York (which they did not), and likewise presuming that they expected the hypothetical act to have consequences in New York (which they did not), neither Falke nor Gemignani derives substantial revenue from interstate or international commerce as required by § 302(a)(3)(ii).

Pursuant to the foregoing, as residents of the State Florida who do not transact regular business in New York,[5] and who have not committed a tort in the state of New York,[6] Falke and Gemignani are not subject to personal jurisdiction under any provision. New York's long-arm

---

[5] *See CPLR* § 301; § 302(a)(1) and (3).
[6] *See CPLR* § 302(a)(2).

statute, and any attempt to force them to litigate in their personal capacities in this forum would violate the Due Process Clause of the 14th Amendment. Consequently, Federal Rule of Civil Procedure 12(b)(2) requires that all counterclaims against Falke and Gemignani be dismissed.

### III. CONCLUSION

Based on the foregoing, Counter-Defendants, MICHAEL FALKE, and MARK GEMIGNANI, respectfully request that this Honorable Court enter an Order: (i) granting their Motion to Dismiss Counterclaims; and (ii) granting such other and further relief as this Honorable Court deems just and proper.

Date: June 23, 2008

ZARCO EINHORN SALKOWSKI & BRITO, P.A.

By: s/Robert F. Salkowski _____
Robert F. Salkowski (RS 0358)
rsalkowski@zarcolaw.com
Mikhael Ann Buchanan (MB 1156)
mbuchanan@zarcolaw.com
100 S.E. 2nd Street, Suite 2700
**Miami, Florida, 33131**
**Telephone: (305) 374-5418**
Facsimile: (305) 374-5428

Steven A. Rosen
501 Fifth Avenue, Suite 804
New York, New York 10017
Telephone: (212) 735-8600

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Mikhael Ann Buchanan

**SERVICE LIST**

**Arcon Solutions LLC v. East 29th Street, LLC and Espais Promocions Immobilaries EPI, S.A.**
**Case #: 1:08-cv-02050-RMB**
**United States District Court, Southern District of New York**

**Todd Evan Soloway**
Pryor Cashman LLP
410 Park Avenue
New York, NY 10022
(212) 421-4100
Fax: (212)798-6328
Email: tsoloway@pryorcashman.com

14