# ZARCO EINHORN SALKOWSKI & BRITO
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

| | | |
|---|---|---|
| MELISSA L. BERNHEIM<br>MIKHAEL ANN BUCHANAN<br>ALEJANDRO BRITO<br>ROBERT M. EINHORN<br>KAARI-LYNN S. GAGNON<br>HIMANSHU M. PATEL<br>K. BRIAN ROLLER**<br>ROBERT F. SALKOWSKI*<br>MARLON J. WEISS<br>ROBERT ZARCO<br><br>*ALSO ADMITTED TO PRACTICE IN NJ<br>**ALSO ADMITTED TO PRACTICE IN NY | BANK OF AMERICA TOWER<br>100 SOUTHEAST 2ND STREET<br>SUITE 2700<br>MIAMI, FLORIDA 33131 | MIAMI<br>TELEPHONE (305) 374-5418<br>TELEFAX (305) 374-5428<br><br>WEST-PALM BEACH<br>TELEPHONE (561) 721-2861<br>www.zarcolaw.com |



August 19, 2008

**By Priority Overnight Mail**
Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**
P. 3

Re: *Arcon Solutions, LLC v. East 29th Street, LLC, et al.*
Case No. 08-CV 2050 (RMB)

Dear Judge Berman:

This office is counsel to Plaintiff Arcon Solutions, LLC. A dispute between Plaintiff and Defendants has arisen regarding the appropriate location for the depositions of Defendant East 29th Street's corporate officers.

Defendant East 29th Street is a New York corporation, with its principal place of business in New York City. Its officers are Luis Casamitjana (President), Ricard San Jose (Treasurer), and Rafael de Gispert (Assistant Secretary), all of whom have significant knowledge regarding the events that are at issue in this case. Plaintiff has noticed these depositions, as well as East 29th Street's 30(b)(6) witness, at Defendants' counsel's New York offices.[1]

The general rule, recognized by this Court, is that a corporate defendant is to be deposed at the location of its principal place of business. Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985); Dagen v. CFC Group Holdings, Ltd., 2003 WL 21910861, at *2 (S.D. N.Y. April 11, 2003). In this case, that location is New York. Defendants argue, however, that the depositions of these three individuals must take place in Barcelona,

---

[1] Plaintiff has also noticed the 30(b)(6) deposition of Defendant Espais, who on information and belief, maintains offices through itself or its wholly owned affiliate, Espais NY Corporation, at 33 E. 33rd Street, New York, NY. Copies of these notices are attached to this letter as Exhibit A.

Honorable Richard M. Berman
August 19, 2008
Page 2 of 3

Spain, where the individuals reside. As such, Defendants have indicated that they will not be producing these individuals for their depositions in New York, but only in Spain.

Mr. Casamitjana, Mr. San Jose and Mr. de Gispert are officers of a New York corporation that does substantial business in New York, and which is a party to this litigation. When corporate employees are managing agents, such as these three individuals, they can be compelled to appear for deposition in the corporation's primary place of business, regardless of where they live or work. Zurich Ins. Co. v. Essex Crane Rental Corp., 1991 U.S. Dist. LEXIS 863 at *4-5 (S.D.N.Y. 1991).

Notwithstanding this general rule, courts do retain substantial discretion to designate the site of a deposition. Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Factors the court should consider are cost, convenience, and litigation efficiency. Id. at 550-551. In the instant case, it will be far less costly to fly three individuals from Spain to New York than it would be to fly Plaintiff, Counter-defendants, counsel for Plaintiff and Counter-defendants, counsel for Defendants, a court reporter, and an interpreter to Spain for one week.

Regarding convenience, this factor weighs in favor of holding the depositions in New York. Counsel for Defendants is located in New York and counsel for Plaintiff is willing to travel there. Zurich, 991 U.S. Dist. LEXIS 863 at *6-7; Mill-Run, 124 F.R.D. at 551. Further, Mr. Casamitjana, Mr. San Jose, and Mr. de Gispert have each traveled to New York on numerous occasions just in the past year for the purposes of transacting business for their New York corporate employer, East 29th Street, suggesting travel back and forth between New York and Spain is par for the course for them.

Finally, regarding litigation efficiency, a most compelling factor is that of the potential need for judicial supervision. Mill-Run, 124 F.R.D. at 551. Holding the depositions in New York will allow for the speedy resolution of any future discovery disagreements over the course of these depositions by virtue of the court's location there, and it will minimize the risk that any deposition will be disrupted for a significant period. Id.[2] Defendants also have filed elaborate counterclaims seeking significant monetary damages in this action against Arcon and its principals Michael Falke and Mark Gemignani, thus availing themselves of the Court of the

---

[2] Plaintiff notes that because of the time difference between New York and Spain, it would not be able to contact the Court, as permitted by L.R. 37.3(b), if a discovery dispute arises during a deposition.

**ZARCO EINHORN SALKOWSKI & BRITO**
PROFESSIONAL ASSOCIATION

Southern District of New York, and confirming the nexus of the litigation as New York. Indeed, Defendants chose this forum over Spain for the appropriate place to resolve any disputes.[3]

In light of all the above factors, Plaintiff asserts that it is clearly in the best interests of both parties for the depositions to take place in New York. Thus, Plaintiff respectfully requests a pre-motion conference with the Court to discuss Plaintiff's anticipated Motion to Compel Depositions to Take Place in New York, at the Court's earliest convenience.

Plaintiff's counsel, who is located in Miami, respectfully requests that he be permitted to appear by telephone for this pre-motion conference in order to reduce attorneys' fees and costs to his client.

Respectfully submitted,

*/s/ Salkowski*

ROBERT F. SALKOWSKI
Counsel for Plaintiff/Counter-claim Defendants
Admitted *Pro Hac Vice*

Enclosure

cc: T. Soloway, Esq. (counsel for Defendants)
J. Shepard, Esq. (counsel for Defendants)
(by e-mail)

> The parties are directed to take this issue up with Magistrate Judge Freeman. There will be no extension of the discovery deadline.
>
> SO ORDERED:
> Date: 8/21/08
> Richard M. Berman, U.S.D.J.

---

[3] Pursuant to the Development Management Agreement, Defendants have each agreed pursuant to Section 11.8 to "submit to the personal jurisdiction of…any court serving New York, New York."